

FILED & JUDGMENT ENTERED
Steven T. Salata

May  18  2012

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_Laura T Beyer_
Laura T. Beyer
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA

IN RE:

RACHELLE SWEETENBURG

Debtor.

Chapter 13
Case No.  12-31023

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER
GRANTING APPLICATION FOR ASSISTANCE, DETERMINING THAT 11 U.S.C. §
362(b)(22) APPLIES, AND DIRECTING THE CLERK TO PROVIDE A CERTIFIED
COPY OF DOCKET INDICATING ABSENCE OF FILED CERTIFICATES AND
DEPOSIT OF RENTS PURSUANT TO 11 U.S.C. § 362(l)(1), (2), (3), (4), and (5)**

**THIS MATTER** is before the court for hearing upon application for judicial assistance to direct the clerk to provide a certified copy of the docket indicating that the exception to the automatic stay applies in this case pursuant to 11 U.S.C. § 362(b)(22). A hearing was held on Tuesday, May 15, 2012.  Susanne Robicsek appeared on behalf of the creditor/landlord, Brett Mestel, and attorney Jack Lezman appeared on behalf of the Debtor.  The Debtor was present for the hearing, as was the movant landlord.

The motion was made to allow the enforcement of a Writ of Possession, which was granted and in force at the time the petition was filed, and eviction of the Debtor. The landlord provided proof that he was entitled to the exception to stay and, at the conclusion of the hearing, the court granted the motion of the movant upon findings

pursuant to 11 U.S.C. § 362(b)(22) and 11 U.S.C. § 362(l)(1), (2), (3), (4), and (5).

## FINDINGS OF FACT

1. A petition pursuant to Title 11 of the United States Code was filed on April 30, 2012 by Rachelle Sweetenburg ("Debtor") requesting an order for relief under Chapter 13.

2. On the date the petition was filed, the Debtor was the tenant and resided in residential real property with an address of 9534 Kings Parade Blvd, Charlotte, NC 28273 ("Property"). The Property was subject to a lease. The lessor/landlord of the Property is Brett Mestel ("Landlord").

3. The Debtor made a request for relief pursuant to Chapter 13 with an incomplete filing consisting of a Voluntary Petition, Certificate of Credit Counseling, and a matrix. Only two creditors were listed on the matrix. One was the Landlord and the other was Santander Consumer. The Debtor did not file any further schedules or statements or provide any additional details for the creditors listed and debts owed until May 15, 2012.

4. The Debtor leased the Property, a residential real property (townhome), from the Landlord. The term of the lease was August 19, 2008, to September 1, 2011. After the expiration of the lease term, the contract was month-to-month in accordance with state law and the terms of the agreement. The contractual rate per the contract was $1395 per month, plus a 5% late fee as allowed by law.

5. The Debtor had been behind in payments, and the Landlord filed an action for eviction in February 2012 against the Debtor. The Debtor and the Landlord came to an agreement to cure rents, and the Landlord voluntarily withdrew that action. The Debtor did not fulfill the agreement and fell further behind which resulted in the Landlord filing

another eviction proceeding in Mecklenburg County NC Case 12-CVM-8645.

6.    Summary Ejectment was granted on April 16, 2012, and a Writ of Possession of Real Property was entered on April 16, 2012.  It became final on April 27, 2012, after the ten-day appeal period ran.  The Debtor had no further right to cure the monetary default once the Writ of Possession became final.

7.    The Writ of Possession of Real Property was tendered to the Mecklenburg County Sheriff for enforcement.  The Sheriff notified the Debtor of the Writ of Possession, instructed her to vacate the Property, and notified her of the eviction scheduled for May 9, 2012, between the hours of 9:00 a.m. and 4:00 p.m., should the Debtor not vacate prior to that time.

8.    The Sheriff and the Landlord went to the Property on May 9, 2012, to execute the Writ of Possession and were advised of the filing of the Chapter 13 bankruptcy ten days earlier on April 30, 2012.  The Landlord and the Sheriff first learned of the filing of the petition on May 9, 2012, when they went to enforce the eviction notice, remove the Debtor, and secure the premises.  Efforts to evict ceased immediately upon learning of the filing of the Chapter 13 case.

## CONCLUSIONS OF LAW:  11 U.S.C. § 362 - AUTOMATIC STAY

9.    Upon the filing of a bankruptcy petition, an automatic stay is entered pursuant to section 362(a) preventing creditors from taking action against the debtor or property of the estate.  Subject to section 362(l), there is an exception to the automatic stay for

> the continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement, and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such

3

property against the debtor.

§ 362(b)(22).

10. When a judgment for possession of residential real property has been granted pre-petition, the exception to stay automatically applies thirty days after filing as set out in section 362(b)(22), subject to section 362(l), which contains certain duties of the debtor which safeguard the lessor.

11. Section 362(l), read in conjunction with section 362(b)(22), keeps the stay in place for thirty days if the debtor meets very specific conditions. During the thirty days, the debtor must cure the default of rent in full. If not cured in full within thirty days, the stay exception applies automatically, unless otherwise ordered by the court:

> Where a judgment for possession of residential property in which the debtor resides as a tenant under a lease or rental agreement has been obtained by the lessor, the debtor shall so indicate on the bankruptcy petition and shall provide the name and address of the lessor that obtained that pre-petition judgment on the petition and on any certification filed under this subsection.

§ 362(l)(5)(A).

12. If a debtor discloses that he is a tenant in possession of property for which the lessor has obtained a pre-petition judgment, there are two conditions in section 362(l)(1)(A) and (B) that are required for the debtor to be entitled to the thirty-day stay. With the filing of the petition, (1) the debtor must certify that there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment and serve it upon the lessor, and (2) a deposit is to be made with the filing of the petition with the clerk for the rent that would become due within the 30-day period after the filing of the petition. If the conditions of 362(l) are met, then the

debtor is entitled to the protection of the stay for thirty days to fully cure the monetary default, unless otherwise ordered by the court, and the landlord is entitled to prompt payment of the rent by the clerk.

13. The proper steps for a debtor are not very difficult or cumbersome. Section 362(l) requires that the debtor shall identify on the petition if the debtor is a tenant in residential real property for which the lessor obtained a pre-petition judgment for possession. This is accomplished by checking a box on the petition and writing the name and address of the landlord in the space provided. There are also boxes to check that indicate that the debtor is making the certification, that the month's rent is being paid to the clerk, and that the debtor served the certification upon the landlord.

14. Section 362(l)(4) states that if the debtor makes a disclosure that there is a lessor with judgment for possession but does not make the certification on the petition or deposit of rents, then the landlord is entitled to receive immediate documentation from the clerk showing that the automatic stay does not apply to the landlord. The relief is immediate and no request for relief from stay is required. Furthermore, the clerk is directed to immediately serve the certified copy of the docket indicating that there is an exception to the automatic stay pursuant to section 362(b)(22).

15. The automatic stay provided in section 362(a) is one of the most powerful aspects of filing for bankruptcy, and enforcement of the stay is central to the bankruptcy relief provided to debtors seeking relief from the court. Subsections 362(b)(22) and (l) give special protections for landlords who were in the process of eviction and taking possession of the property prior to filing. The provisions of subsections 362(b) and (l) are unusual and other creditors are not provided with the same automatic, swift, and

immediate mechanism that is meant to provide a quick and easy remedy for landlords who are entitled to possession of leased property.  The remedy does not require a hearing or an order of the court unless all of the conditions are met by the debtor.

16.    The remedy, however, is triggered by the proper disclosure by the debtor on her petition that there is a judgment for possession of real property.  While the Bankruptcy Code requires debtors to make this disclosure, it does not address the situation where a debtor subject to a judgment for possession does not reveal the judgment, which is the context in which this matter came before the court.

17.    The Debtor did not disclose on her petition that her landlord had obtained a judgment for possession of her residence as is required, and the section of the petition for the section 362 disclosure and certification is blank.

18.    Had the Debtor made the mandatory disclosure of the lessor with a prior judgment and not included the required certification, the clerk would have immediately sent a certified copy of the absence of the certification and the applicability of the exception to the stay under subsection (b)(22) and, presumably, the Landlord would have been able to proceed with the scheduled eviction on May 9, 2012.  Alternatively, if the Debtor had made the disclosure, certified a right to cure, and served it as required, then the Landlord would have been entitled to object and have a hearing held within 10 days of his objection.

19.    The Debtor should not be entitled to more protection for her failure to make the disclosure or otherwise comply with the duties of certification and deposit of rent, yet that is what occurred in this case.

20.    The lease has terminated and a final Writ of Possession was granted.  There is

no right to cure the monetary default pursuant to state law and no certification of right to cure was made by the Debtor. The Debtor made no deposit of the rent due to the clerk when the petition was filed.

21. Debtor's failure to comply with section 362 on the date of the filing of the petition resulted in a delay of remedy that is contrary to the simple and swift protections anticipated and intended by section 362. The Debtor knew of the Writ of Possession and pending eviction against her, and the failure of the Debtor to disclose the name and address of the Landlord on the Petition is a material and false statement tendered to the court.

22. The failure to include the mandatory disclosure forced the Landlord to seek remedy through judicial process for a situation for which the drafters of the Code clearly intended a simple, automatic, and immediate remedy; forced the Landlord to incur additional damages for unnecessary attorney's fees; and delayed the Landlord's possession of the property.

## CONCLUSION

23. In simple terms, if a debtor is entitled to cure a residential lease default, section 362(b) provides for a thirty-day stay to cure rents in full, or an opportunity to apply to the court to rule that the stay should apply. To be entitled to the thirty-day stay, a debtor must disclose the landlord's name and address on the petition, certify that she has the right to cure, deposit rent for those thirty days with the clerk, and serve his certification on the landlord. The lessor is entitled to immediate payment of the rent from the clerk and a hearing within 10 days if he files an objection to the certification. In this case, the Debtor failed to comply with any of the provisions that could have held the section

362(b)(22) exception at bay, although it does not appear that she was entitled to cure and, therefore, the certification would have been false.

24. Based upon the foregoing, the court concludes that there was a pre-petition judgment of possession against the Debtor's residence that required the Debtor to disclose the name and address of the Landlord on her petition, but she did not. Furthermore, she failed to certify a right to cure or deposit rent with the clerk. Therefore, the exception to the automatic stay under section 362(b)(22) applies. The clerk is hereby directed to issue and immediately serve upon the Landlord and the Debtor a certified copy of the docket indicating the absence of a filed certification and the applicability of the exception to the stay under subsection (b)(22). The exception to the stay is effective immediately. The Landlord is entitled to possession of the Property, the stay exception shall apply *in rem* as to enforcement against the Property for eviction of the Debtor and any other occupants of the Property, and eviction from this Property is not stayed by any future bankruptcy proceedings. The Landlord may file a claim in the case for damages under the lease in accordance with bankruptcy law. Furthermore, the attorney for the Landlord is approved and entitled to fees for the bringing of this action to be paid by the Debtor as shall be submitted by proof of claim or application to the court.

25. The court is informed that the Landlord has agreed that the Debtor may have until June 1, 2012, to move from the Property upon payment of one month's rent in good funds. Funds have been tendered to the Debtor's attorney pending entry and receipt of this order. The parties agree that the premises must be vacated with all possessions removed from the Property on or before June 1, 2012, and the premises

must be left in good and undamaged condition. If the Debtor does not comply with these provisions, the Landlord may apply to the court for further damages for failure to comply with the order of the court.

**SO ORDERED**

**This Order has been signed electronically.**  **United States Bankruptcy Court**
**The judge's signature and court's seal**
**appear at the top of the Order.**